## Cowles *v.* Continental Life Insurance Co.

A reduced, "nonforfeiture," "paid-up" policy of life insurance *held*, upon certain stipulations, not to be forfeited for nonpayment of interest.

Assumpsit, on a policy of life insurance dated May 30, 1870. Facts found by the court. By the terms of the contract, the defendants were to receive ten annual premiums, each consisting of a note for $42.80, and a certain sum of money. At the end of twelve years, or the previous death of the insured, the defendants were to pay $1,000, "deducting therefrom all indebtedness to the said company on account of this policy, if any then existing. *Provided, always*, and * * this policy is granted by the said company, and accepted by the assured, upon the following express conditions and agreements. * * *Third.* * * that if the assured shall not pay the said annual premiums on or before noon of the several days herein before mentioned for the payment of the same, and the interest annually in advance on any outstanding premium notes, * * then, and in every such case, this policy shall cease and determine, and said company shall not be liable for the payment of the sum insured or any part thereof, except as hereinafter provided. *Fourth.* That if, after the receipt by this company of two or more annual premiums, default shall be made in the payment of any subsequent premium when due, then, notwithstanding such default, this company will convert this policy into a 'paid-up' policy for as many tenth parts of the sum originally insured as there shall have been complete annual premiums paid."

Three annual premiums were paid in notes and money. When the fourth was due, the plaintiff sent the defendants the policy, the interest due on the outstanding premium notes, and a written notice and quitclaim, in a form prescribed by the defendants, requesting a reduction of the insurance to $300, "agreeing to pay said company, annually in advance, the interest on all outstanding notes given in part payment of annual premiums." The policy was returned, with the following written upon it, and signed by the defendants' secretary: "This policy having lapsed after three annual payments, is hereby recognized as binding upon the company for $\frac{3}{10}$ thereof, or $300, subject to the terms and conditions in this policy and in the quitclaim to the company." No interest was paid after 1879; and the question is, whether the reduced insurance was forfeited by the nonpayment of interest on the three premium notes.

*A. L. Mellows*, for the plaintiff.

*W. H. Hackett*, for the defendants.

DOE, C. J. A significant clause of the contract is a conspicuous marginal advertisement describing the writing as a "Non-Forfeiture Endowment Policy." The forfeiture clause, qualified by the provision for a "paid-up" policy, does not mean that the reduced, "paid-up," "nonforfeiture" insurance is annually forfeitable for nonpayment. The strict construction for which the defendants contend would leave the insured exposed to a danger from which the reduction and conversion of the policy would be generally understood to relieve him; and it is not to be presumed that the document was ingeniously drawn for the purpose of fraudulently obtaining money by nonforfeiture pretences. All parts of the contract taken together can be and should be reasonably and liberally understood as designed to accomplish the scheme of nonforfeiture for nonpayment, which men in general would believe the policy invited them to accept.

The original contract did not make the nonpayment forfeiture clause applicable to the promised "paid-up" policy into which the original could be converted; and the conversion, written upon the original, is reasonably construable as a performance of the promise, and not a violation of it. Forfeiture for nonpayment was a condition to which the reduced insurance was not to be subject. The plaintiff's agreement (in the quitclaim) to continue the annual payment of interest on the notes was, like each of the notes, a mere agreement to pay money, and not a contract of forfeiture. An intention of the plaintiff to suffer, and of the defendants to inflict, so severe and contradictory a penalty as the forfeiture of a "nonforfeiture," "paid-up" policy, for a failure to pay interest, cannot be fairly inferred from the terms of a contract making nonforfeiture for nonpayment so prominent an inducement, and providing, as a remedy for nonpayment, the deduction of interest and all other indebtedness from the amount of insurance payable by the defendants. The plaintiff is entitled to judgment.

*Case discharged.*

CLARK, J., did not sit: the others concurred.